JAMES B. HILL et al., Respondents, v. CHARLES MEYER et al., Appellants.

1. *Practice, civil — Pleadings — Note, motion for production of — Default for failure to answer, etc.*—In a mechanic's lien suit, plaintiff declared upon an account for lumber, filing an itemized copy with the petition, but stated that defendant's wife closed the account by a note for the amount "herewith filed." The note was not filed, and defendant, without answering, filed a motion for an order on plaintiff to file the note. *Held*, that a motion going to the merits of the petition should dispense with the necessity of answering till it is disposed of; but that such a motion was frivolous, and plaintiff was entitled to judgment notwithstanding for want of an answer.

If a defendant can not intelligibly answer without an inspection of a paper in plaintiff's possession, he should obtain an extension of time to answer, and diligently prosecute his petition under section 40, Wagn. Stat. 1045, for an inspection and copy of the paper.

*Appeal from St. Louis Circuit Court.*

*Crews, Letcher & Laurie*, for respondents.

*F. & L. Gottschalk*, for appellants.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs filed their petition to enforce a mechanic's lien for lumber furnished to build a house upon the separate property of Catharine, the wife of Charles Meyer. They declare upon the account for the lumber, filing an itemized copy with the petition, but state that she closed the account by a note for the amount, "herewith filed," given by her husband as agent. The note was not filed, and defendant's attorney filed a motion for an order to file the note, but did not answer; and the case being continued

some six months, a default was taken, the plaintiffs at the same time filing the note. The court overruled a motion to set aside the default, and defendant appeals.

The motion was a frivolous one, and was evidently intended for delay. A motion going to the merits of the petition should dispense with the necessity of answering until it is disposed of. But no fault was found with the petition; the note was not the foundation of the action, and need not have been named in it. Before the defendant could require its production he should have made an issue, and then, if an inspection of the note appeared to be necessary, he might present a petition under sections 36 and 37, or under section 40, ch. 169, General Statutes (Wagn. Stat. 1044–5), or he might have given notice to produce it at the trial, and, if not produced, might prove its contents. If a defendant can not intelligibly answer without an inspection of a paper in plaintiff's possession, he ought not to be permitted to excuse himself by simply filing a motion in relation to such paper, but should obtain an extension of time to answer, and diligently prosecute his petition under section 40, Wagn. Stat. 1045, for an inspection and copy of the paper. In the present case no defense was set up, the default was properly taken, and the judgment will be affirmed. The other judges concur.