55 29
44a 98

————o————

## J. H. JEFFRIES, Respondent, vs. C. L. FLINT, Appellant.

1. *Practice, civil—Note, non-filing of—Continuance—Production of note, &c.*— Where suit is brought, by a subsequent indorser against one who is the payee and prior indorser of a note, the non-filing of the note with the original petition constitutes no ground for grantinga continuance to defendant. Section 51, Art. VI of the Practice Act (Wagn. Stat., 1022) has no application to such a case. Where an inspection of the note, referred to in the petition, is necessary to enable defendant to prepare his defense, §§ 36, 37, Art IX of said act (Wagn. Stat., 1044) point out the proper way in which to procure its production.

2. *Practice, Supreme Court—Death of party—Administrator, substituted how.*— Where defendant dies, pending an appeal in the Supreme Court, his adminis trator cannot be substituted in his stead, on motion of the adverse party. Such substitution can be made only on the voluntary appearance and consent of the administrator, or after service and summons issued for the purpose of *revivor* on him.

## *Appeal from Phelps Circuit Court.*

*Seay & Williams*, for Respondent.

*C. C. Bland*, for Appellant.

SHERWOOD, Judge, delivered the opinion of the court.

Action in the Phelps Circuit Court brought by J. H. Jeffries, as subsequent indorser, against C. L. Flint, as payee and prior indorser of a promissory note, made payable to the order of said Flint by one Griffin, the maker, at the banking house of Ward & Bros., Bankers, in the City of Rochester and State of New York. At the return term of the writ, the defendant filed his answer and the cause was continued to the next term. At that term the defendant withdrew his answer and filed his demurrer to plaintiff's petition, which was adjudged insufficient. Plaintiff thereupon filed his amended petition. On the fourth day after the amended petition was

filed, the defendant, without having answered or demurred to the amended petition, made an application for a continuance of the cause, on the alleged ground, that, as the "note sued on" was not filed with the original petition, "it was never definitely and certainly known to him, upon what this action was based, until during the present term of this court;" that he could not tell on what note he was sued, and therefore, could not take the depositions of his witnesses, all of whom resided in the State of New York, in support of his meritorious defense, &c., &c.

This application was very properly overruled, as it proceeded upon the assumption that the statutory provision requiring certain instruments to be filed, was applicable to the case at bar. While it is true, in one sense, that this suit has for its foundation the promissory note mentioned in the petition; yet it is equally true that § 51, p. 1022, 2 Wagn. Stat., referred to by appellant's counsel as being in point, has not the slightest application here; as that section applies exclusively to suits founded upon any instrument of writing, charged to have been executed by the other party; *i. e.*, the party who is sued. Consequently, the non-filing of the note with the original petition, constituted no ground whatever for granting a continuance; the application for which had its origin either in an utter misapprehension of the meaning of the statute, or else in the desire to frame some flimsy pretext, wherewith to stave off a trial. If an inspection of the note referred to in the original petition, were absolutely necessary, in order for the defendant to properly prepare for his defense, §§ 36, 37, 2 Vol. Wagn. Stat., p. 1044, point out the appropriate way, whereby the production of papers, not necessary to be filed with the pleadings, can be secured.

On the overruling of his application, the defendant excepted and thereupon filed his demurrer to the amended petition, urging the insufficiency thereof on the ground already considered, that the note, referred to therein, was not filed therewith; that there was no averment of notice to defendant, nor that plaintiff paid any consideration for the note, &c., &c.

Having already discussed the point as to the failure to file the note with the petition, I will not further notice it. As to the other grounds, lack of notice and of consideration paid for the note, the petition, though somewhat inartificially drawn, sufficiently avers both. Since the appeal was taken in this cause, the defendant has died, and his death is here suggested by the attorney who formerly represented him, and it is asked that, Charles N. Flint and Elizabeth Flint, who have been appointed respectively administrator and administratrix of the estate of the decedent, be substituted in the room and stead of their said intestate. But such substitution can only be had in the mode pointed out in the statute; *i. e.* when made upon the voluntary appearance and consent of the adverse party, or after service of summons, issued for the purpose of revivor on such party. (See §§ 1, 2, 3, 2 Wagn. Stat., p. 1049.) And the same rule in this regard prevails in this, as in the Circuit Court. (§ 30, p. 1067, 2 Wagn. Stat.)

As the plaintiff, however, has consented to the revivor asked, and has entered here in his voluntary appearance, the action will stand revived against the aforesaid legal representative of the said decedent defendant.

Judgment affirmed. All concur.