LARIMORE, *Appellant*, v. BOBB, *et al.*

Division Two, February 28, 1893.

1. **Practice**: DEPOSITION OF PARTY: STATUTE. A defendant who is made a party to a suit after other defendants have taken plaintiff's deposition is not bound by such previous testimony, but may require him to testify again. Revised Statutes, 1889, sec. 8920.

2. ———: ———: ———. The fact that the attorney for some of the defendants stipulated with plaintiff's attorney to continue the cause until the supreme court should decide another suit then pending, afforded no reason why the defendant subsequently brought in or the other defendants should not prepare for trial by taking plaintiff's deposition as authorized by the statute. Revised Statutes, 1889, sec. 8920.

3. ———: SUBPŒNA: SERVICE BY PARTY TO SUIT. The service of a subpœna may, under Revised Statutes, 1889, sec. 8937, be made by a party to the suit.

4. ———: TENDER OF MILEAGE AND FEES: NON-RESIDENT WITNESS. The provision of the statute requiring mileage and fees to be tendered a witness residing over forty miles from the place of trial does not apply to a witness residing without the state.

5. ———: REFUSAL OF PARTY TO TESTIFY: DISMISSAL OF CAUSE: DISCRETION. The trial court *held*, under the facts of this case, not to have abused its discretion in refusing to reinstate plaintiff's cause, it having been dismissed and judgment rendered for defendants under Revised Statutes, sec. 8924, because of plaintiff's refusal to testify by deposition as required by one of the defendants.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Stone & Slevin* for appellant.

(1) The statute (Revised Statutes, 1889, sec. 8924) reposes a discretion in the circuit court. *Haskell v. Sullivan,* 31 Mo. 435. And whether this discretion has been properly exercised will be reviewed by the appellate court. *Haskell v. Sullivan,* 31 Mo. 435; *Whitsett v. Blumenthal,* 63 Mo. 479; *Hanel v. Freund,* 17 Mo. App. 618; *State v. Lewis,* 9 Mo. App. 321. (2) Witness will not be punished for contempt, for failing to attend as a witness in a civil case, unless his fees have been paid or tendered. *In re Hughbanks,* 24 Pac. Rep. 75; 44 Kan. 105; *Bonner v. People,* 40 Ill. App. 628; *Kinsey v. King,* 6. Ire. (N. C.) 76. A witness residing at a greater distance than forty miles from place of trial must be tendered his mileage. Revised Statutes, 1889, sec. 8929; *Hutchins v. State,* 8 Mo. 288. And the return upon the subpœna must show that these fees have been tendered the witness. Revised Statutes, 1889, sec. 8938. (3) Subpœnas can be legally served only by the officers mentioned in the statute or by some disinterested person who would be a competent witness in the cause. Revised Statutes, 1889, sec. 8937. An adverse party, though under our statute a competent witness, is not a disinterested person.

*Robert E. Collins* for respondents Philip M. Bobb and D. A. Jamison.

(1) When a plaintiff has been subpœnaed, refuses to attend as a witness or to testify to a deposition, in addition to being punished for contempt, his petition

may be rejected. Revised Statutes, sec. 8925; *Snyder v. Raab*, 40 Mo. 166; *Haskell v. Sullivan*, 31 Mo. 435. (2) A necessary party to a suit is not entitled to witness fees or mileage. (3) Witnesses are only entitled to mileage for the actual number of miles necessarily traveled in order to be present as witnesses. Revised Statutes, sec. 5003. (4) A subpœna may be served by a party to the suit, although interested in the same. *Bridge Co. v. Bowling*, 53 Mo. 311. (5) A witness who appears and submits himself to examination waives any informality in the service of process. (6) An appellate court will not consider an objection raised for the first time in the appellate court unless the same was made and preserved in the bill of exceptions. (7) In applying to have a dismissal of a cause set aside, it is necessary to allege by affidavit that the party moving has a meritorious cause of action or defense. (8) A court will not set aside the dismissal of a cause where it appears that it is not a meritorious one. (9) Appellate courts will not examine the record to determine the weight of the evidence. If it appears from the record that the finding of the court below upon the facts is sustained by substantial evidence, although the weight of the evidence may be claimed to be to the contrary, the finding will be sustained. *O'Rea v. Ferguson*, 72 Mo. 225; *Meyer v. McCabe*, 73 Mo. 236. (10) While the action of the court below is subject to review, the appellate court will only consider erroneous views of the law taken by the lower court.

GANTT, P. J.—On the fifth of June, 1886, Marcus A. Wolf began an action against John H. Bobb, Philip M. Bobb and Dorsey A. Jamison, his curator, and others, in the circuit court of the city of St. Louis, for partition of certain real estate in said city. On the eighteenth of June, 1886, Newell G. Larimore was sub-

stituted in the action for Wolf, as plaintiff, and on the fifteenth of January, 1887, an amended petition was filed.

All the defendants except Philip M. Bobb, who was a minor, were served with process, either personally or by publication. T. J. Rowe, Esq., appeared as counsel for and filed the answer of defendant Lucy G. Taylor.

At the April term, 1887, an order of publication was taken as to defendant, Philip Bobb, the minor, which was made and proved, and on October 3, 1887, his answer was filed. Prior to the service of Philip Bobb, the defendant, Lucy G. Taylor, took the deposition of Larimore, the plaintiff. Two issues of fact were tendered by defendants' answer, namely, one was whether plaintiff was in possession of the real estate he sought to partition, and secondly, whether he was not holding the title he was asserting in secret trust for Mrs. Cora G. Taylor. Plaintiff Larimore's residence is in North Dakota. On the sixteenth of February, 1891, he was in the city of St. Louis and defendants, Philip M. Bobb and his guardian Jamison, served him with a notice to take his deposition in this case on February 28, 1891, and at the same time a subpœna was duly served on him to appear as a witness at the time and place named in the notice.

At the time mentioned, he appeared, was duly sworn and his examination commenced, when upon his request and upon his representation to the notary "that it would be impossible on account of pressing business engagements to remain longer during that afternoon," by and with his own consent and that of defendants, the taking of his deposition was adjourned until Wednesday, March 4, 1891, at one o'clock, P. M. On March fourth he failed to appear and the deposition

was continued to March seventh, and he not again appearing the depositions were continued to the tenth of March, when they were discontinued and returned to the court in so far as they were taken.

On the twelfth of September, 1890, counsel for plaintiff and T. J. Rowe, Esq., who represented some of defendants, signed a stipulation continuing the cause until the supreme court should decide and send down its mandate in *Jamison v. Bagot*. The stipulation appeared to be *for all defendants*. On the twenty-first of October, 1891, Jamison and his ward, Philip M. Bobb, moved the court to strike out plaintiff's amended petition and render judgment for defendants because plaintiff had disregarded the process of law served upon him for taking of his evidence in this cause, had left the state and was in contempt of court.

Upon proof of foregoing facts, the court sustained the motion. On the tenth of March, 1891, plaintiff moved the court to set aside the dismissal and reinstate the cause, and filed his affidavit in support thereof, in which he states that he was called home by the illness of his wife; that he meant no disrespect to the court or notary; that he was ready and willing to give his deposition at any time. He further stated that he was frequently in St. Louis and intended to be there before the trial and would submit himself to examination if so desired.

Upon this showing Judge Valliant made a conditional order that if on or before May 25, 1891, a month from the hearing, plaintiff would appear before said notary and submit to an examination his said motion would be sustained, otherwise it would be overruled. Plaintiff did not appear and submit to such examination, nor did he ask for further time or make any excuse for not appearing, and on May 26, 1891, the court overruled his motion to reinstate and he has

appealed from the action of the circuit court. He assigns as error that the circuit court abused its discretion.

I. By virtue of section 8920, the defendants were entitled to have plaintiff testify as a witness in their behalf and to conduct the examination themselves. His previous deposition taken when Philip Bobb had not been brought into court was not binding on said minor and was no excuse for not giving his deposition upon this notice.

The statute, section 8924, provides that "if a party, on being duly summoned, refuse to attend and testify, either in court or before any person authorized to take his deposition, besides being punished himself as for a contempt, his petition, answer or demurrer may be rejected or a motion if made by himself, overruled, or if made by the adversary party, sustained." *Haskell v. Sullivan*, 31 Mo. 435; *Snyder v. Raab*, 40 Mo. 167. The contention of plaintiff is that the action of the court is a harsh enforcement of the statute.

It is clear that the stipulation of Mr. Rowe, the counsel for the other defendants, is no reason for reversing the circuit court. That stipulation did not bind the minor, Philip M. Bobb, but the effort to obtain plaintiff's deposition in this partition suit was not affected by that suit in equity, nor does it constitute any reason why defendants might not obtain his deposition, leaving the stipulation to continue in full force. That stipulation did not provide for a judgment in accordance with our decision in *Jamison v. Bagot*. It was the privilege and duty of defendants to prepare for the trial of their case, notwithstanding that stipulation. We do not appreciate the force of the suggestion that defendants gave plaintiff too long a notice for the taking of his deposition. Our statute fixes the shortest time for notice of taking depositions, but no

limit to the length of days beyond that minimum. Neither is twelve days' notice unreasonable in itself. But long as this notice was, plaintiff sought and obtained more time on account of his very urgent business. He did not request defendants to shorten the time nor did he, as he might have done, apply to the court to shorten it if it was inconvenient. The learned judge does not seem to have acted hastily. He accorded plaintiff a whole month after his application to reinstate in which to comply with his own offer to testify, and if more time was needed he was not asked to extend it.

The suggestion is now made that the subpœna was not lawfully served: *First.* Because fees and mileage were not tendered to him at the time the subpœna was served upon him, and *second,* because the service was not made by a proper person. A subpœna may be served by a party to a suit although interested in the same. This construction was given section 8937 when it was incorporated in Wagner's Statutes (2 Wagner's Statutes, sec. 2, p. 827), and with this construction before it the legislature has continued to retain it through two revisions. *Plank Road v. Bowling*, 53 Mo. 311. Moreover it is believed to be the recognized practice throughout the state.

As to tender of mileage and fees the statute only requires fees to be tendered in advance where the witness resides over forty miles from the place of trial. But that statute evidently only applies to those cases in which the process of the court can lawfully be served, and if disobeyed the contempt can be punished. In this case the claim of plaintiff that he should have been tendered mileage from Larimore, North Dakota, is an afterthought and a subterfuge. No process of the circuit court could have compelled him to come from that state and hence would have been useless. But in the

view we take of the case such a discussion is unnecessary.

Our statute permitting a party to examine his adversary and to punish his refusal to submit was evidently intended to incorporate in the civil practice as a statutory right, the old chancery practice of appending interrogatories to a bill for discovery by which a party could sift the conscience of his adversary. If the interrogatories were unheeded, the chancery court regarded the defaulting party in contempt. *Eck v. Hatcher*, 58 Mo. 235. So that when plaintiff was duly summoned and appeared before the notary he was legally notified that the defendants were proceeding under the statute which authorized them to take his testimony; he was then subject to our laws. He was invoking the process of our courts to establish his rights. He was within the jurisdiction of the court. Had he refused outright to testify he could have been committed by the notary.

Can he, by excusing himself, and by promising to return and give his deposition, thus deprive the court and the opposite party of the rights which belong alike to all suitors, and escape the consequences of a violation of our statute, while at the same time demanding its protection? We think not.

The record does not disclose whether by the laws of North Dakota he could be compelled to answer if he refused. Certainly if he should wilfully testify falsely in that state he would not be liable to a prosecution here for perjury. But defendant is not concerned with these considerations. He pursued a clear legal course pointed out by our statute; the plaintiff has deprived him of his right by his own conduct. The court as an impartial arbiter waited two months for plaintiff to submit to its orders, and the course of procedure prescribed by our laws, and then only refused to reinstate

plaintiff's case, when no further delay was asked or good cause shown why it should change its orders. We do not think the court abused its discretion and its judgment is affirmed. All concur.