THE STATE ex rel. SAMUEL J. DOUGLAS v. LOUIS F. TUNE et al., Constituting Board of Complaint of City of St. Louis.

**In Banc, February 2, 1918.**

1. **JURISDICTION: Mandamus: Collateral Proceeding.** The Supreme Court will not entertain jurisdiction in any cause involving the issuance of an original writ over which any one of the courts of appeals has jurisdiction.

2. ——: ——: ——: **Production of Letter for Use in Libel Suit.** Relator, an employee of the city, being informed that a letter had been filed with the Board of Complaint, which by the city charter has authority to receive complaints against city employees and to recommend to the proper authorities such action as is deemed proper, brought suit for libel against the writers of the letter, and applied to the board to permit him to inspect the letter and make a copy of it for use in his libel suit, and being denied, brings his mandamus suit to compel the board to permit him to make such inspection and copy. *Held,* that, no reason being disclosed why the proceeding was not brought in the Court of Appeals, which under the Constitution has the same authority as does the Supreme Court to issue a writ of mandamus in a collateral proceeding to the libel suit whose subject-matter or the amount involved is not revealed by the application, the alternative writ is dismissed for want of jurisdiction.

Mandamus.

WRIT DENIED.

*Douglas W. Robert* for relator.

*Charles H. Daues* and *Everett Paul Griffin* for respondents.

WOODSON, J.—Counsel for relator has made a terse and clear statement of this case in his brief. It reads as follows:

"This is an original proceeding by mandamus to compel the members of the Board of Complaint in the City of St. Louis to allow the relator, or his agent or attorney, to inspect and make a copy of the letter written November 29, 1916, by Lawrence McDaniel and George E. Thomas, in which libelous statements were made against the relator, who is an employee of the city of St. Louis, in the Sewer Department.

"The Board of Complaint was created by the Charter of the city of St. Louis, and by that authority it receives complaints against officers and employees of the city. It is authorized to examine these complaints and to recommend to the proper authorities such action as it deems advisable.

"The relator being informed of this letter and generally as to its contents, demanded that the Board of Complaint permit him to inspect it and make a copy of it. This was refused. The relator had filed a suit for libel against the writers of the letter, he gave notice to take depositions, and also sued out a subpoena *duces tecum,* directed to the secretary of the board, which required him to produce the letter before the Commissioner. This subpoena was quashed by the circuit court on motion of the witness. Since that time the members of the Complaint Board have refused to permit the relator or his attorney to examine and make a copy of said letter and this action is for the purpose of compelling them to do so."

There is no reason disclosed in this record why this proceeding was not brought in the St. Louis Court of Appeals. That court has, under section 12 of article 6 of the Constitution, the same authority to issue writs of mandamus that this court has under section 3 of the same article, unless otherwise limited by other provisions of the Constitution. That there is no such limitation in this case there can be no question, for the reason that neither the subject-matter of the libel suit men-

tioned, nor the amount involved therein is involved in this case. This is a collateral proceeding to that action, merely involving the right of the relator to compel the Board of Complaint to produce the letter mentioned for his inspection and use it as evidence in said libel suit.

So, in accordance with the rule heretofore announced by this court, to the effect that it will not entertain jurisdiction in any cause involving the issuance of an original writ over which any one of the courts of appeals has jurisdiction, the alternative writ of mandamus heretofore issued is quashed, and this proceeding is dismissed. All concur.