STATE EX REL. EDWARD H. PIEPER, RELATOR, v. HONORABLE FRED E. MUELLER, JUDGE OF THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI, RESPONDENT.—59 S. W. (2d) 719.

St. Louis Court of Appeals. Opinion filed April 28, 1933.

BENNICK, C.—This is a proceeding in mandamus which presents the issue of whether the circuit court in which a cause is pending has jurisdiction, prior to the return day of the writ of summons, to rule upon a motion to require the defendant to produce his papers and records for the plaintiff's inspection.

Relator is Edward H. Pieper, the plaintiff in a cause now pending in the Circuit Court of St. Louis County against Dr. Francis William Kirsch, while respondent, Hon. Fred E. Mueller, is the judge presiding over Division 3 of the court.

On January 20, 1933, relator filed his petition in the cause, alleging that within two years prior thereto he had been injured while employed by the Koenig Floral Company, and while acting within the scope of his employment; that thereupon the employer or its insurance carrier employed the defendant, Dr. Kirsch, to treat him for the injuries he had received; and that the defendant thereafter entered upon and undertook such treatment.

The general purport of the petition is to state a cause of action for damages alleged to have been sustained by plaintiff as the result of the negligent and unskillful manner in which the defendant diagnosed and treated his injuries, as a consequence of which his said injuries were greatly aggravated and their cure and relief hindered and prevented. Damages are prayed in the sum of $15,000.

Immediately following the filing of the petition, and on the same day, summons was ordered to issue for the defendant, returnable to the May, 1933, term of court; and on January 21, 1933, the writ was returned by the sheriff, duly served upon the defendant.

Thereafter, on January 31, 1933, relator filed in said cause his verified motion to inspect, pursuant to the provisions of Sections 924-928, Revised Statutes 1929 (2 Mo. St. Ann., secs. 924-928, pp. 1203-1205). In said motion he set up, in substance, that the material issue in the case was the manner and character of the diagnosis and treatment of his injuries by the defendant; that the details and

manner of such diagnosis and treatment were largely within the knowledge of the defendant, so that relator was unable to prove the same as well by any other witness as by the defendant himself and his records and memoranda; that theretofore, on January 27, 1933, relator, after notice duly given, had sought to discover such facts, but that defendant, having been duly sworn, had testified that he had no independent recollection of his diagnosis and treatment of relator's injuries without reference to his records; that the defendant refused to examine his records and give testimony concerning their contents; and that all of such records were in the custody of the defendant, and constituted competent, relevant, and material evidence in the case.

The prayer of the motion was that the court make an order directed to the defendant, commanding him to produce, at a time to be fixed by the court, all of his said records and memoranda constituting the record of his diagnosis and treatment of relator's injuries, and that relator and his counsel be authorized to examine said records and make copies thereof.

On the day of its filing, relator served notice of the motion upon the defendant, advising that the same would be called up for a hearing before the court on February 3, 1933. On the day set the motion was argued and submitted to the court; and on February 27, 1933, the court entered its order, holding, in effect, that it was without jurisdiction, prior to the return day of the writ of summons (the first Monday of May, 1933), to rule on said motion, but that the same should be permitted to remain on file in the cause until such time as a ruling thereon would not be premature.

On April 3, 1933, relator's petition for mandamus was filed in this court, representing that respondent, the said judge of the lower court, by ruling as indicated had refused to exercise the jurisdiction reposed in him by the statutes heretofore referred to; that except for the intervention of this court, respondent will continue to refuse to exercise his jurisdiction to rule on the motion until the convening of the May term of court; and that as a result of such refusal relator will be deprived of his right under the statute to inspect and take copies of said records and memoranda, the same may be lost or destroyed so that relator will be prejudiced in making proof of his cause of action, and the trial of the cause will be unnecessarily delayed.

Following the filing of the said petition, our alternative writ was ordered to issue; and in due course respondent filed his return, moving that our writ be dissolved and quashed for the reasons (1) that respondent is without jurisdiction over the subject-matter of the action, in that it appears from the petition filed therein that exclusive jurisdiction is vested in the Missouri Workmen's Compensation Commission to compensate relator for the injuries he received; (2) that respondent is without jurisdiction over the person of the

defendant, and is without authority to entertain relator's motion to inspect before the return day of the writ of summons in that to entertain relator's motion before said return day would in effect require defendant to appear before he is required to do so by law; and (3) that relator's motion does not state facts sufficient to warrant the issuance of an order for the inspection of the records and memoranda alleged to be in the possession of the defendant.

It is the second of the above propositions which is the chief point at issue in this proceeding, especially in view of the fact that it was upon such ground that respondent based his refusal to rule upon the motion to inspect.

The precise question seems to be one of first impression in this jurisdiction, and its answer must therefore turn upon the construction to be accorded the applicable statutes, and particularly Sections 924 and 928, supra, when considered in the light of what must have been the underlying purpose to be served in their enactment.

Section 924 provides that every court or judge thereof shall have power to compel any party to a suit pending therein to produce any books, papers, and documents in his possession or power, relating to the merits of any such suit or of any defense therein; while Section 928, which is of very similar import, provides that the court before which an action is pending, or a judge thereof in vacation, may, in his discretion and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of a paper in his possession or under his control, containing evidence relating to the merits of the action or defense therein.

The issue being one which goes to the question of what the condition of the cause must be to warrant the court in ruling upon the motion, that is, whether such a motion may be entertained before the return day of the summons or the day when the defendant is required to plead, it is of particular significance to note that under the language of the statute the power to compel the production of papers and records is lodged in the court before which an action is "pending," and may be exercised as to a party to a suit "pending" therein.

Now the statutes in question, which have provided a procedure supplanting and superseding the original equity practice of proceeding to a like purpose by bills of discovery (Dowden v. Walrus Manufacturing Co., 199 Mo. App. 657, 205 S. W. 258), were undoubtedly enacted to facilitate and expedite the preparation of causes for trial and to guard in a measure against surprise and delay. Obviously, therefore, the inspection statutes are closely comparable to the deposition statutes, their mutual purpose and effect considered. [Vogelsong v. St. Louis Wood Fibre Plaster Co., 147 Mo. App. 578, 126 S. W. 804.]

By Section 1753, Revised Statutes 1929 (6 Mo. St. Ann., sec. 1753,

p. 4023), it is provided that any party to a suit pending in any court in this State may obtain the deposition of any witness, to be used in such suit, conditionally; and in construing the statute or courts say that the word "pending," as used therein, contemplates and includes any suit in which a petition has been filed, irrespective of its merits, demerits, or the defenses to it, and that a suit is pending on and after its institution by the filing of the petition. [Ex parte James v. Munford, 57 Mo. 603, 606; State ex rel. v. Killoren (Mo. App.), 229 S. W. 1097.]

Such being the construction given the deposition statute, and its primary purpose being so largely identical with that which underlies and attends the inspection statutes, it seems logical to us that the latter should receive a similar construction, and that the power to compel the production and inspection of books and papers should be held lodged in the court from and after the time of the institution of the cause, though short of the return day of the summons or the time when the defendant is required to plead.

So far as concerns respondent's contention that he has no jurisdiction over the subject-matter of the action in that it appears from the face of relator's petition that exclusive jurisdiction is vested in the Missouri Workmen's Compensation Commission to compensate relator for his injuries, suffice it to say that there is no such showing upon the face of the petition. The petition does disclose a relationship of employer and employee between the Koenig Floral Company and relator, and that he was acting within the scope of his employment at the time his original injuries were received, but it does not purport to disclose that the parties were operating under the act. [Kemper v. Gluck, 327 Mo. 733, 39 S. W. (2d) 330.]

And of course we are not at this time concerned with the effect of the pleading which might be argued as setting up a break in the chain of causation between the accident and the final result through the operation of the negligence of the defendant as an efficient, intervening cause, aggravating the injuries sustained by relator and hindering and preventing their cure and relief.

Nor are we now concerned with the third point in the return, which is that relator's motion does not state facts sufficient to warrant the issuance of an order for the inspection of the papers and documents alleged to be in the possession of the defendant. We are not unmindful of the many decisions which deal with the question of the requisites of such a motion, and of the circumstances affecting the sound exercise of the court's discretionary power in the premises. But the question here is not one of whether respondent should sustain relator's motion, but of whether he has jurisdiction, prior to the return day of the summons, to entertain and rule upon it, whatever the character of his ruling might be. As we have heretofore indicated, we think he has such jurisdiction by reason of the fact

that the motion was filed in an action pending before him, which is all that the statutes require as regards the condition of the cause.

A word as to our jurisdiction to issue the writ is not amiss in view of the fact that the amount in dispute in the action pending is the sum of $15,000. This, however, is but a collateral proceeding to that action, involving the right of relator to have respondent rule upon his motion to inspect, but in no sense affecting his right to have his action heard and determined or having any necessary relation to the amount involved therein. The value of his right to have respondent compelled to rule is not shown; and the proceeding is therefore one in which we may entertain jurisdiction. [State ex rel. v. Tune, 273 Mo. 255, 200 S. W. 1062.]

It follows that our alternative writ of mandamus heretofore ordered to issue should be made peremptory; and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The alternative writ of mandamus heretofore ordered to issue is, accordingly, made peremptory. *Becker, P. J.*, and *Kane* and *McCullen, JJ.*, concur.