# MARCH, 1938.

STATE EX REL. MARIE H. LAUGHLIN, ADMINISTRATRIX OF THE ESTATE
OF RANDOLPH LAUGHLIN, DECEASED, RELATRIX, V. HON. EUGENE
J. SARTORIOUS, JUDGE OF THE CIRCUIT COURT OF THE CITY OF
ST. LOUIS, RESPONDENT.—119 S. W. (2d) 471.

St. Louis Court of Appeals. Opinion filed September 9, 1938.

*Jones, Hocker, Gladney & Grand* for relator.

*Chas. Claflin Allen, Jr.,* for respondent.

BENNICK, C.—This is an original proceeding in prohibition which was instituted in this court at the relation of Marie H. Laughlin, the administratrix of the estate of Randolph Laughlin, deceased.

It appears that on February 10, 1934, relatrix, in her capacity as administratrix of the estate of her deceased husband, brought an action in the Circuit Court of the City of St. Louis against the Boatmen's National Bank of St. Louis, administrator *pendente lite* of the estate of Hugh W. Thomasson, deceased, to recover for professional services rendered by Laughlin to Thomasson in defense of an insanity proceeding brought against the latter, and also to recover advances alleged to have been made by Laughlin for expenses in connection with such insanity proceeding and for the support of Thomasson and his family during that period, as well

as an item alleged to have been paid out by Laughlin for and on account of Thomasson's funeral expenses.

The reasonable value of the professional services rendered was alleged to have been $22,350; while the amount advanced for expenses in connection with the insanity proceeding and the support of Thomasson and his family was alleged to have been $11,503.41. The payment made on account of Thomasson's funeral expenses was alleged to have been $124.25, and judgment was prayed for the aggregate amount of $33,977.66.

The bank at first answered by a general denial, which it subsequently withdrew, and on October 16, 1937, filed a motion to require relatrix to elect as between the several causes of action alleged to have been improperly united in one count of her petition. This, incidentally, is now the situation of the pleadings in that case so far as the joinder of issue on the plaintiff's cause of action is concerned.

Thereafter the bank gave due and proper notice to relatrix that on a day certain it would petition the circuit court for an order permitting it to inspect and make copies of certain documents alleged to be in the possession or under the control of relatrix, and consisting of Laughlin's office diary, books of account, check stubs, and canceled checks for the period of time during which the advancements to Thomasson's account were alleged to have been made and the professional services rendered.

Said petition was thereafter filed on the day appointed, the bank alleging therein that "the said books, records and documents contain evidence relating to the merits of the defendant's defense in this cause in that they relate to the services, employment and disbursements referred to in plaintiff's petition . . . and that an inspection and copies thereof are necessary to defendant so that it may properly prepare the case for trial and that defendant cannot proceed to trial safely without such inspection and copies".

In due time respondent, the judge to whom the petition was submitted, sustained the same with respect to Laughlin's books of account and canceled checks, but disallowed the bank's request to be permitted to inspect his office diary and check stubs.

Following the entry of such order relatrix at once brought this proceeding whereby she seeks to have respondent prohibited from taking any further action with respect to the carrying out of such order upon the theory that the same was outside of and beyond his lawful jurisdiction.

The applicable statute with respect to the court's power to permit a party to inspect the papers of his adversary is section 928, Revised Statutes Missouri, 1929 (Mo. Stat. Ann., sec. 928, p. 1205), which provides that the court before which an action is pending may, in the discretion of the judge, and upon due notice, order either party to give

to the other, within a specified time, an inspection and copy, or permission to take a copy, or to make a photograph of a paper in his possession or under his control, "containing evidence relating to the merits of the action or defense therein."

In brief it is relatrix' contention that for respondent to have had jurisdiction to enter the order permitting the bank to inspect Laughlin's books of account and canceled checks, it was necessary for the bank to show that such papers and documents contained evidence material and relevant to the bank's defense to relatrix' cause of action, and that inasmuch as there is presently no answer on file to disclose the bank's defense, if any it has, there is no issue raised in the court below to which it could be said that such papers and documents were material and relevant.

Now it is true that the statute limits the papers or documents which may be inspected to those "containing evidence relating to the merits of the action or defense therein", from which it logically follows, just as relatrix argues, that the evidence, whatever it may be, must relate to the case of the party who seeks the inspection, upon whom the burden rests of bringing himself within the statute by showing to the proper satisfaction of the court that the situation is such as to warrant the entry of the order for which he prays. [State ex rel. v. Terte, 324 Mo. 925, 25 S. W. (2d) 459.]

In other words, the power granted by the statute is for the benefit of a litigant who, in good faith, seeks material evidence by showing some reasonable basis for the belief that his adversary is in possession of papers or documents legitimately subject to inspection and containing such evidence, but is not to be resorted to for the actual purpose of enabling the litigant to pry into his adversary's preparation for the trial. Such a mere fishing expedition is not what the statute contemplates, and is universally condemned by all the authorities. [State ex rel. v. Hall, 325 Mo. 102, 27 S. W. (2d) 1027.]

So we appreciate that where, as in the instance under consideration, it is the defendant who seeks the order for an inspection, he must assume the burden of showing that the plaintiff's papers contain evidence relating to the merits of his defense, though this does not mean, as we read the authorities, that issue must actually be joined by an answer in the case at the time he files his petition for the inspection.

It is obvious, we think, that the statute permitting the inspection of papers before the trial was not enacted for the benefit of a litigant already in possession of all the facts, but instead was enacted for the benefit of a party who not only is not in possession of all the facts indispensable to the proper preparation of his case or the framing of his pleading, but in truth is compelled to look for the facts among the papers belonging to or in the possession of his ad-

versary. Indeed the statute does not purport to require that the case be at issue in order to authorize the entry of an order for inspection, but only that it be "pending", which is its condition from and after the time of the filing of the plaintiff's petition, and this regardless of the merits or demerits of the petition, or of what defenses may ultimately be interposed to the cause of action asserted therein. [State ex rel. v. Mueller, 227 Mo. App. 1101, 59 S. W. (2d) 719.]

When the action is directly founded upon an instrument in writing charged to have been executed by the defendant, such instrument or a verified copy of it must of course be filed with the petition (Sec. 815, R. S. Mo. 1929 [Mo. Stat. Ann., sec. 815, p. 1066]), and then the defendant knows at once what he is to be called upon to defend against. But there are numerous cases (of which the action pending below is undoubtedly one) where the action, though not directly founded upon the instrument so that the same must be filed with the petition, nevertheless depends indispensably for its proof upon papers or documents in the plaintiff's possession or under his control. We have no doubt that it was just such a contingency that section 928 was designed to meet, and if it appears that an inspection of such papers is necessary in order for the defendant to properly prepare his defense, then the statute affords an appropriate way whereby the inspection of the papers may be secured. [Jefferies v. Flint, 55 Mo. 29; Hill v. Meyer, 47 Mo. 585.]

In the case pending below respondent exercised his discretion upon the merits of the bank's petition to inspect, and insofar as he sustained the petition we cannot say that he acted without or in excess of his rightful jurisdiction. It follows, therefore, that the preliminary writ of prohibition heretofore ordered to issue should be quashed, and the Commissioner so recommends.

PER CURIAM:—The preliminary writ of prohibition heretofore ordered to issue is, accordingly, quashed. *Becker* and *McCullen, JJ.*, concur; *Hostetter, P. J.*, absent.